UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 10/30/2026

TIRON ALEXANDER,

Plaintiff,

-v-

NBCUNIVERSAL MEDIA, LLC ET AL,

Defendant.

**ORDER**

26-CV-5958 (JHR) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Plaintiff Tiron Alexander ("Alexander" or "Plaintiff"), proceeding *pro se*, moves to transfer his own case to the Southern District of Florida. Alexander seeks a transfer on the basis that venue is improper under 28 U.S.C. § 1391(b)(2) or, alternatively, on the basis of convenience under 28 U.S.C. § 1404(a). Defendants have not yet appeared in the case. For the reasons described below, the Court **GRANTS** Plaintiff's motion to transfer venue under Section 1404(a).

## I. BACKGROUND

Alexander filed this action on July 14, 2026 asserting claims of defamation against defendants NBCUniversal Media, LLC ("NBC") and Viola Flowers ("Flowers"), a news associate for NBC. ECF No. 1 at 2.[1] Plaintiff alleges that defendants published defamatory articles regarding his federal criminal conviction for wire fraud and related offenses. *Id.* These articles described Alexander as a Florida man who "posed as a flight attendant to score more than 100 free flights."

[1] Page citations in court filings refer to the ECF-generated pagination.

*Id.* According to Alexander, this description was false because he actually was a flight attendant at one point, and was not merely posing as a flight attendant. *Id.* at 2–3.

On August 12, 2026, Alexander filed a motion to transfer this case to the Eastern District of Texas pursuant to Section 1404(a). ECF No. 4. While he acknowledged that venue in the Southern District of New York "is technically permissible in this District based upon the corporate domicile of [NBC]," he argued that venue in Texas was proper, *inter alia*, due to Plaintiff's Texas residence. ECF No. 4 at 1–2.

Apparently experiencing a change of heart, Alexander filed an Amended Motion to Transfer Venue on September 22, 2026, ECF No. 8, seeking to transfer this case to the Southern District of Florida pursuant to Sections 1406(a) and 1404(a). The instant motion argues that the Southern District of Florida was the locus of the underlying criminal matter at the heart of the allegedly libelous publications. ECF No. 8 at 1. Further, Alexander claims that the individual in NBC's legal department who corresponded with him about this matter is based in Miami, and that the "core administration, corporate investigation, editorial review and legal handling" of this dispute occurred in Miami. *Id.* According to Plaintiff, "[n]o substantial part of the events, omissions, transcripts, witnesses, or active corporate news administration giving rise to this specific dispute occurred in the Southern District of New York." *Id.* at 2.

## II. ANALYSIS

Alexander's motion begins with the argument that venue is improper in this district. This first argument is difficult to square with Plaintiff's prior acknowledgment that venue is permissible because defendant NBC has its corporate domicile here. *See* ECF No. 4 at 1. The Court, however, need not decide whether venue is improper under Section 1391 because, as described below, a transfer of venue to the Southern District of Florida is warranted under Section 1404(a). *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735 (S.D.N.Y. 2013) (granting transfer under Section 1404(a) without deciding whether statutory venue was proper in transferor district); *AGCS Marine Ins. Co. v. Associated Gas & Oil Co.,* 775 F. Supp. 2d 640 (S.D.N.Y. 2011) (granting a motion to transfer venue under § 1404(a) ahead of deciding venue under § 1391, where defendant moved to dismiss for lack of personal jurisdiction and improper venue and sought transfer under § 1404(a) in the alternative).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. This statute gives district courts broad discretion to decide whether to transfer venue. *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir. 1992). In deciding motions to transfer venue under Section 1404(a), courts determine, first, whether the action might have been brought in the transferee court and, if so, whether, considering the

convenience of the parties and the witnesses, a transfer would be appropriate. *AGCS*, 775 F. Supp. 2d at 645.

As to the first question, this action could have been brought in the Southern District of Florida. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiff's criminal prosecution in the Southern District of Florida is the subject matter of the allegedly defamatory statements. ECF No. 8 at 1–2. The reporting at issue concerned this Florida trial, and Plaintiff asserts that Defendants' investigation and editorial review occurred in Miami. *Id.* Accordingly, the Southern District of Florida is a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred," making it an appropriate venue. 28 U.S.C. § 1391(b)(2).

Assessing whether transfer is a valid exercise of discretion requires the Court to balance various factors, including: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the situs of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. *Kreinberg v. Dow Chem. Co.,* 496 F. Supp. 2d 329, 330 (S.D.N.Y. 2007); *Reliance Ins. Co. v. Six Star, Inc.,* 155 F. Supp. 2d 49, 56–57 (S.D.N.Y. 2001). As the *Reliance* court explained:

> There is no rigid formula for balancing these factors and no single one of them is determinative. Determining the balance is essentially an equitable task left to the Court's discretion. In performing the analysis the Court must, however, give due deference to the plaintiff's choice of forum which should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum.

155 F. Supp. 2d at 57 (quotations and citations omitted).

While Plaintiff initially chose this forum, he now prefers to litigate in the Southern District of Florida. ECF No. 8. Although these circumstances are unusual, Plaintiff's preference to litigate in the Southern District of Florida is entitled to some degree of deference. To the extent they can be assessed at this very early stage of litigation, the remaining factors also weigh in favor of a transfer. Because the case concerns journalistic reporting about a trial in Miami, there are likely to be relevant witnesses and documents in Florida. *Id.* at 1. While Alexander resides in Texas, Florida is closer to his home than New York is. The relative means of the parties – Plaintiff is an individual while NBC is a large media company – favor Plaintiff's choice of a Florida forum. Finally, as illustrated by the correspondence attached to Plaintiff's motion, NBC has a corporate presence in Miami and communicated with Plaintiff about this matter from Miami. *Id.* at 7. Based on the facts as they appear on the limited record before the Court, a transfer of venue to the Southern District of Florida is appropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to transfer this case to the Southern District of Florida is **GRANTED**. The Clerk's office is respectfully

directed to close the open motion at ECF No. 4 as **DENIED AS MOOT**, to close the open motion at ECF No. 8 as **GRANTED**, and to transfer this case to the Southern District of Florida.

**SO ORDERED.**

Dated: October 30, 2026
New York, New York

Henry J. Ricardo
United States Magistrate Judge